# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, BUSINESS ROUNDTABLE, TEXAS ASSOCIATION OF BUSINESS, and LONGVIEW CHAMBER OF COMMERCE,<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDERAL TRADE COMMISSION; LINA KHAN in her official capacity as Chair of the Federal Trade Commission,<br><br>*Defendants*. | Case No. 6:24-cv-00148 |

**DECLARATION OF IAN MACLEAN, PRESIDENT OF HIGHLAND LANDSCAPING, LLC**

1

Pursuant to 28 U.S.C. § 1746, I, Ian MacLean, hereby declare as follows:

1. I am the President of Highland Landscaping, LLC. I make this declaration based on my own personal knowledge.

2. Highland Landscaping is a landscaping company located in Southlake, Texas, that provides a variety of landscaping design, renovation, installation, and maintenance services. Highland Landscaping is a small business that employs roughly 40 to 45 employees as office staff, managers, and landscapers.

3. Highland Landscaping is a member of the Chamber of Commerce of the United States of America.

4. Highland Landscaping enters into noncompete agreements with some of its employees. Specifically, Highland Landscaping has entered into noncompete agreements with many of its office staff and managers. These agreements generally prevent employees who leave Highland Landscaping from accepting employment with a competitor for a limited period of time (five years) after leaving the company. Highland Landscaping does not enter into noncompete agreements with its laborers.

5. Noncompete agreements are important to Highland Landscaping in a number of ways. For example, such agreements protect Highland Landscaping's confidential information by preventing competitors (including large national chains) from gaining access to Highland Landscaping's proprietary client databases, processes, marketing strategies, and other highly sensitive information by simply hiring Highland Landscaping's employees.

6.      Highland Landscaping's noncompete agreements also promote investments in the workforce. In particular, Highland Landscaping is able to expend considerable resources on employee training opportunities while ensuring that competitors will not be able to free-ride on those investments. Highland Landscaping has established an expensive employee-training program, and does not make any profit on employees during their first year with the company. Without the ability to enter into noncompete agreements, larger competitors would be able to hire Highland Landscaping's employees after Highland Landscaping has incurred the substantial expenses of workforce training, and Highland Landscaping would have less incentive to offer those programs.

7.      Because Highland Landscaping values the benefits of noncompete agreements, Highland Landscaping's employees who have entered into noncompetes receive higher compensation than they would if noncompetes were not available.

8.      I understand that the Federal Trade Commission has adopted a rule that would prohibit Highland Landscaping from entering into virtually any noncompete agreements in the future and require Highland Landscaping to void existing noncompete agreements. If this rule goes into effect, it will impose significant, direct costs on Highland Landscaping, including by requiring Highland Landscaping to notify employees or former employees who signed noncompete agreements that those agreements are no longer enforceable.

9.      If this noncompete rule goes into effect, Highland Landscaping will be unable to rely on noncompete agreements to protect confidential business information and to promote investments in the workforce. As a result, the noncompete rule will put Highland

Landscaping's confidential information at risk and will decrease incentives for workforce training. It may also lead to lower compensation for Highland Landscaping's employees, who will no longer be able to receive higher wages in exchange for signing a noncompete agreement.

10. The noncompete rule creates considerable uncertainty as to whether similar kinds of agreements with employees—such as nondisclosure agreements, liquidated damages provisions, and non-solicitation agreements—are lawful and enforceable going forward. Because of that uncertainty, Highland Landscaping will likely need to incur substantial costs to obtain legal advice regarding future contracts with employees, and may incur costs associated with defending lawful agreements.

11. Highland Landscaping cannot rely on alternatives to achieve the benefits of noncompete agreements. In Highland Landscaping's experience, nondisclosure agreements are difficult to monitor and enforce and trade secret suits do not protect all of Highland Landscaping's sensitive information or investments in workforce training. Moreover, attempting to enforce a nondisclosure agreement or to establish a trade secret violation requires expensive and time-consuming litigation, a burden that Highland Landscaping will likely be unable to bear.

12. Highland Landscaping competes with some large national chains that would gain an unfair advantage if they had access to Highland Landscaping's propriety information and relationships in the community. For that reason, Highland Landscaping is concerned that the noncompete rule will harm the company.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on April 24, 2024 at Southlake, Texas.

Ian MacLean