UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00148

**Chamber of Commerce of the United States of America et al.,**
*Plaintiffs,*

v.

**Federal Trade Commission et al.,**
*Defendants.*

## SCHEDULING ORDER

Three associations challenge a final rule issued by the Federal Trade Commission on April 23, 2024, that broadly prohibits, as an unfair method of competition, contractual provisions often referred to as non-compete clauses. Doc. 1 at 1–5. Invoking associational standing, *id.* at 12–14, plaintiffs allege that the final rule violates the Administrative Procedure Act as (1) outside the FTC's rulemaking authority; (2) premised on a legally erroneous understanding of "unfair methods of competition"; (3) if statutorily authorized, then resting on an unconstitutional delegation of authority to the agency; (4) unlawfully retroactive; (5) not rationally connected to economic data; and (6) arbitrarily chosen without duly considering alternatives. *Id.* at 41–50 (Counts I–VI).

Plaintiffs now move for a preliminary injunction prohibiting defendants' enforcement of the rule during the pendency of this litigation, an order postponing the rule's effective date for the same period, or both. Doc. 12 at 36; Doc. 12-8. Their motion argues that the rule's effective date in approximately 120 days is causing businesses and individuals to change their behavior now, creating irreparable injury as regulated parties adjust. Doc. 12 at 34–35. Defendants, in turn, move for a seven-day extension of the time to respond to that motion, arguing that the extension will not unduly delay the action. Doc. 17. The court now enters certain deadlines to control progression of the case.

**1.** The Fifth Circuit has directed that any forum disputes should be the "top priority" in handling a case. *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003). Consistent with that guidance, the court first sets the following schedule for early presentation of any forum-related matters:

- April 29, 2024—Plaintiffs' deadline for initial compliance with Local Rule CV-42(a) ("Whenever a civil matter commenced in or removed to the court involves subject matter that either comprises all or a material part of the subject matter or operative facts of another action, whether civil or criminal, then pending before this or another court or administrative agency, or previously dismissed or decided by this court, counsel for the filing party shall identify the collateral proceedings or re-filed case(s) on the civil cover sheet filed in this court. The duty to notify the court and opposing counsel of any collateral proceeding continues throughout the pendency of the action."). This deadline does not lift the continuing nature of the Local Rule CV-42 obligation or the obligation under order JCB-CV-42 in this case (*see* Doc. 5). These obligations shall also require disclosure of whether any party in a related case is a member of any plaintiff association here, thus creating the possibility of two bites at the apple or inconsistent judgments.

- April 30, 2024—Deadline to file any motions related to venue, forum, or related cases.

- May 2, 2024—Deadline to respond to any such motion.

- May 3, 2024—Deadline to reply on any such motion.

If any such motion is filed, the court may convene a telephonic hearing on it if appropriate.

**2.** Second, the court has a duty to establish "early and continuing control so that the case will not be protracted because of lack of management." Fed. R. Civ. P. 16(a)(2). It appears to the court that plaintiffs' complaint presents only legal disputes about agency action and is thus "an action for review on an administrative record" exempt from initial disclosures. *Id.* 26(a)(1)(B)(i). It

also appears to the court that, just as initial disclosures are dispensed with, no other discovery is necessarily occasioned by plaintiffs' complaint, for any data underlying the agency's decision and not appearing in the Federal Register publication of the final rule or public comments available in the rulemaking's online docket would be immaterial to plaintiffs' legal-authority challenges and to plaintiffs' arbitrary-or-capricious challenges, which turn on the agency's published rationale and consideration of alternatives. *See Sierra Club v. U.S. Fish & Wildlife Serv.*, 245 F.3d 434, 440 n. 37 (5th Cir. 2001) (stating that statutory construction is "a task which we are competent to perform without the administrative record"); Doc. 1 at 46–50 (Counts V and VI).

Based on that impression, and the court's impression that the rule's 120-day delayed effective date allows at least some time to maneuver, the court believes that this is an appropriate case to "advance the trial on the merits and consolidate it with the hearing" on the motion for a preliminary injunction, under timing that does not unduly delay resolution of the request for injunctive relief. Fed. R. Civ. P. 65(a)(2). The court gives notice of that consolidation. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

Because summary judgment is very often "the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review," *Cottage Health Sys. v. Sebelius*, 631 F. Supp. 2d 80, 90 (D.D.C. 2009), the court also gives notice under Federal Rule of Civil Procedure 56(f)(3) that it will consider summary judgment granting permanent relief on the same schedule as it considers plaintiffs' motion for preliminary relief. Plaintiffs' motion for leave to file excess pages in their motion (Doc. 11) is granted, and plaintiffs are also allowed until May 10, 2024, to supplement their motion with additional briefing and attachments pertinent to summary judgment, including any "parts of [the administrative record] cited by" plaintiffs in support of judgment in their favor. 5 U.S.C. § 706. Any such supplemented motion for preliminary and permanent relief shall not exceed 45

pages. Both parties are excused from Local Rule CV-56(a)'s statements.

Defendants' motion for an extension of time to respond (Doc. 17) is granted. Defendants are allowed until May 31, 2024, to file briefing on the matters of plaintiffs' request for preliminary relief and summary judgment in favor of either party. That briefing must be filed in a single document also not to exceed 45 pages, exclusive of any parts of the administrative record relied on by defendants and of any other attachments to the response.

Plaintiffs are then allowed until June 12, 2024, to reply on those matters. That reply must be filed in a single document not to exceed 20 pages. And defendants are allowed until June 19, 2024 to file any reply in support of summary judgment in their favor, which also must not exceed 20 pages.

The court will set a hearing on preliminary relief and summary judgment, and if necessary a consolidated bench trial, on a date close to completion of that briefing. That should allow prompt resolution of the case with sufficient time, before the rule's effective date, for any desired appellate review. This scheduling order is subject to modification on any party's motion for good cause.

*So ordered by the court on April 26, 2024.*

J. CAMPBELL BARKER
United States District Judge