UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, BUSINESS ROUNDTABLE, TEXAS ASSOCIATION OF BUSINESS, and LONGVIEW CHAMBER OF COMMERCE, <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL TRADE COMMISSION and LINA KHAN in her official capacity as Chair of the Federal Trade Commission, <br><br> *Defendants*. | Case No. 6:24-cv-00148 [JCB] |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO LIMIT SCOPE OF RELIEF OR ALTERNATIVELY TRANSFER VENUE**

1

## TABLE OF CONTENTS

*Page*

PRELIMINARY STATEMENT ..................................................................................................5

ARGUMENT ...................................................................................................................................8

I. PLAINTIFFS ARE ENTITLED TO SEEK RELIEF ON BEHALF OF THEIR MEMBERSHIP ..................................................................................................8

II. THE COURT SHOULD NOT TRANSFER THIS CASE UNDER THE FIRST-TO-FILE DOCTRINE ..........................................................................................12

CONCLUSION ..............................................................................................................................16

# TABLE OF AUTHORITIES

*Page(s)*

**CASES:**

*Acree* v. *Air Line Pilots Ass'n*,
  390 F.2d 199 (5th Cir. 1968) ...................................................................................... 11

*Affinity Memory & Micro, Inc.* v. *K&Q Enters., Inc.*,
  20 F. Supp. 2d 948 (E.D. Va. 1998) ........................................................................... 14

*Association of Am. Physicians & Surgeons, Inc.* v. *Texas Med. Bd.*,
  627 F.3d 547 (5th Cir. 2010) ........................................................................................ 8

*Career Colls. & Schs. of Tex.* v. *U.S. Dep't of Educ.*,
  98 F.4th 220 (5th Cir. 2024) ......................................................................................... 8

*Casa de Maryland, Inc.* v. *Wolf*,
  486 F. Supp. 3d 928 (D. Md. 2020) .............................................................................. 8

*Collum* v. *Edwards*,
  578 F.2d 110 (5th Cir. 1978) ...................................................................................... 13

*Hunt* v. *Wash. State Apple Advert. Comm'n*,
  432 U.S. 333 (1977) .................................................................................................. 6, 9

*In re Clarke*, 94 F.4th 502 (5th Cir. 2024) ........................................................................ 12

*LifeNet, Inc.* v. *U.S. Dep't of Health & Human Servs.*,
  617 F. Supp. 3d 547 (E.D. Tex. 2022) ....................................................................... 13

*Mann Mfg., Inc.* v. *Hortex, Inc.*,
  439 F.2d 403 (5th Cir. 1971) ...................................................................................... 13

*Midwest Disability Initiative* v. *JANS Enters., Inc.*,
  929 F.3d 603 (8th Cir. 2019) ...................................................................................... 11

*NAACP* v. *Button*,
  371 U.S. 415 (1963) .................................................................................................... 10

*National Rifle Ass'n of Am., Inc.* v. *Bureau of Alcohol, Tobacco, Firearms
  & Explosives*, No. 2024 WL 1349307 (N.D. Tex. Mar. 29, 2024) ........................ 8, 11

*Ryan, LLC* v. *Federal Trade Comm'n*,
  No. 3:24-cv-986 (N.D. Tex. May 1, 2024) ..............................................................14

*Save Bull Trout* v. *Williams*,
  51 F.4th 1101 (9th Cir. 2022) ...............................................................................11

*Scholl* v. *Mnuchin*,
  483 F. Supp. 3d 822 (N.D. Cal. 2020) ..................................................................14

*Self-Insured Inst. of Am.* v. *Korioth*,
  53 F.3d 694 (5th Cir. 1995) ....................................................................................9

*SIPCO, LLC* v. *Emerson Elec. Co.*,
  2016 WL 7743496 (E.D. Tex. 2016) ....................................................................13

*Snow* v. *Mike Bloomberg 2020, Inc.*,
  2021 WL 4552988 (N.D. Tex. Feb. 24, 2021) ......................................................15

*Students for Fair Admissions, Inc. v. Harvard Coll.*,
  600 U.S. 181 (2023) ........................................................................................10, 11

*Students for Fair Admissions, Inc.* v. *University of Tex. at Austin*,
  37 F.4th 1078 (5th Cir. 2022) ...............................................................................11

*Texas Instruments Inc.* v. *Micron Semiconductor, Inc.*,
  815 F. Supp. 994 (E.D. Tex. 1993) .......................................................................13

*TravelPass Group, LLC* v. *Caesars Ent. Corp.*,
  2019 WL 3806056 (E.D. Tex. May 9, 2019) ........................................................15

*Truinject Corp.* v. *Nestle S.A.*,
  2020 WL 6781578 (E.D. Tex. Nov. 18, 2020) ......................................................14

*Warth* v. *Seldin*,
  422 U.S. 490 (1975) ................................................................................................9

**STATUTE:**

28 U.S.C. § 1391(e)(1) .................................................................................................6

4

## PRELIMINARY STATEMENT

The Federal Trade Commission has adopted a rule that, by design and the agency's own estimates, will invalidate more than 30 million existing contracts and apply to every industry in the United States. The regulation will have significant ramifications for employers and workers throughout the nation, and will directly affect Plaintiffs and their members in the Eastern District of Texas. Plaintiffs therefore filed suit on behalf of their members, seeking to set aside the Noncompete Rule and to enjoin its enforcement. In doing so, they explained the concrete and immediate harms the Rule will impose on Plaintiffs' members, including in this District. All of that is routine as a matter of associational standing and venue. The Commission does not contend otherwise. It does not maintain that Plaintiffs lack standing or that this Court is an improper venue to resolve Plaintiffs' claims.

The Commission instead makes two arguments that are radical and unprecedented. First, the Commission argues that Plaintiffs may only sue on behalf of members who have affirmatively manifested their consent to this particular litigation—for instance, by submitting declarations. The Commission thus seeks an order preemptively limiting the scope of any relief that might be awarded at the conclusion of this case to Plaintiffs' two declarants. *See* Mot. 10-12. Plaintiffs are not aware that the Government has ever made such an argument, let alone that any court has accepted it. Second, if the Court declines to enter such an order, then the Commission says that this case must be transferred to the U.S. District Court for the Northern District of Texas because a single member of a Plaintiff—Ryan, LLC, which is a member of Texas Association of Business—filed suit there

shortly before Plaintiffs filed this action. Again, the Commission points to no authority supporting that request.

There is a reason the Commission's motion is so lightly sourced. Starting with the Commission's first request, associational standing is premised on the notion that, provided an association can satisfy the requirements of *Hunt* v. *Washington State Apple Advertising Commission*, 432 U.S. 333 (1977), it may pursue relief on behalf of its entire membership. For decades, courts have granted associations relief that extends to their full membership (and beyond). The Commission does not point to a single contrary example. If the Commission's position were correct, it would essentially undo associational standing—because this proceeding would be no different than one brought by the two declarants in this case. Associations could never obtain relief as organizations, unless they could show that all of their members had affirmatively endorsed litigation, which has never been one of the *Hunt* requirements. The Commission's position also would invite piecemeal and duplicative litigation, and raise serious constitutional problems by requiring associations to disclose their members in order to obtain meaningful relief.

For the Commission's second request, the agency correctly does not challenge that venue is proper in this District. Plaintiff Longview Chamber of Commerce resides in this district, and Plaintiffs have members in this District that are harmed by the Rule, each of which independently makes venue proper. *See* 28 U.S.C. §§ 1391(e)(1)(B), (C) (Venue is proper where "the plaintiff resides if no real property is involved in the action" or in "any judicial district in which … a substantial part of the events or omissions giving rise to the claim occurred."). Nor does the Commission claim that, if Ryan were not a member of any

of the Plaintiffs, this Court should still transfer under the first-to-file doctrine. The Commission apparently recognizes that the suits were filed at almost the same time, Plaintiffs represent a far wider swath of the business community and have far greater and more varied harms, the two actions originally involved overlapping but different claims (Plaintiffs brought a broader set of APA claims than Ryan did), and this Court has set a briefing schedule while the *Ryan* Court has not. Transfer would be less efficient, not more so.

The Commission claims only that the analysis is different because Ryan is a member of the Texas Association of Business. That is not correct. An association should not be denied an otherwise proper venue because one of its members (or for that matter, another association with some of the same members) elects to pursue litigation elsewhere. That slight overlap between the plaintiffs should be irrelevant to the first-to-file calculus because it has nothing to do with judicial efficiency. The concern instead is "the possibility of two bites at the apple or inconsistent judgments." ECF No. 20, at 2 (Scheduling Order). That concern is entirely academic in this case, because Ryan has already agreed that it will not "seek to enforce any remedy in this suit that is limited to the members of the plaintiff organizations." ECF No. 21, ¶ 6. And even absent that agreement, any concern would be appropriately dealt with at the remedial stage if and when the Plaintiffs had prevailed on the merits. At that stage, the Court could decide the appropriate scope of relief. There is no reason for the Court to address that issue now, especially in a case where it does not practically matter.

**ARGUMENT**

**I. PLAINTIFFS ARE ENTITLED TO SEEK RELIEF ON BEHALF OF THEIR MEMBERSHIP.**

It is well established that associations have standing to sue on behalf of their members. *See Association of Am. Physicians & Surgeons, Inc.* v. *Texas Med. Bd.*, 627 F.3d 547, 551 (5th Cir. 2010). That is particularly true when, as here, the association "seeks declaratory and injunctive relief." *Id.* For that reason, courts regularly grant plaintiff-associations relief that extends to their full membership, and indeed even beyond. *See, e.g.*, *Career Colls. & Schs. of Tex.* v. *U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024) ("Nothing in the text of [the APA] suggests that either preliminary or ultimate relief under the APA needs to be limited to [an association] or its members."); *National Rifle Ass'n of Am., Inc.* v. *Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 3:23-CV-1471-L, 2024 WL 1349307, at *6 (N.D. Tex. Mar. 29, 2024) (enjoining federal officials from enforcing a rule "against the NRA's members"); *Casa de Maryland, Inc.* v. *Wolf*, 486 F. Supp. 3d 928, 972 (D. Md. 2020) (limiting injunctive relief to "members of CASA and ASAP").

The Commission asks this Court to break from that settled practice. According to the Commission, "any relief entered by this Court in favor of Plaintiffs should not apply to any entity other" than the two members identified in the evidentiary record. Mot. 12. That is a truly radical argument for the Government to make. It has been litigating with associational plaintiffs for decades, and as far as Plaintiffs are aware, the Government has never claimed that associations may pursue relief only on behalf of identified members. Perhaps that is because it is squarely at odds with the entire concept of associational standing. The whole point of that doctrine is that when "any one of" an association's

8

members has "suffer[ed] immediate or threatened injury as a result of the challenged action," the association can "invoke the court's remedial powers *on behalf of its members*," and "it can reasonably be supposed that *the remedy, if granted, will inure to the benefit of those members of the association actually injured*." Warth v. Seldin, 422 U.S. 490, 511, 515 (1975) (emphasis added).

Nothing about the associational-standing analysis turns on whether particular members have authorized a lawsuit or submitted a declaration into the record. If an association's members would have standing to sue in their own right, if their individual participation in the lawsuit is not necessary, and if protecting those members' interests is germane to the association's purpose, it has standing to pursue relief as an association on behalf of any members who have been harmed. *See Hunt*, 432 U.S. at 344-345. One of the basic prerequisites is thus that "participation of individual members in the lawsuit" is *not* required. *AAPS*, 627 F.3d at 550. There can be circumstances—such as a claim for money damages—where the need for "individualized proof" would prevent an association from pursuing relief for its members. *Self-Insured Institute of Am.* v. *Korioth*, 53 F.3d 694, 695 (5th Cir. 1995). But that issue does not arise when an association seeks only injunctive and declaratory relief, as Plaintiffs do here. *See AAPS*, 627 F.3d at 551.

The Commission's position also would introduce serious practical problems. If the Commission prevailed, any association that pursues litigation would need to survey its membership to determine which members expressly authorize the lawsuit, and would need to present the court with detailed information on the members that are entitled to a remedy. That would be difficult enough when the plaintiff-association represents businesses

9

throughout the United States. It is even harder to imagine for associations like the NAACP or ACLU that include thousands (or millions) of individuals as members. And when many members are inevitably left out of a remedy obtained by their association, they would need to file lawsuits of their own to protect their rights. The result would be a flurry of duplicative and repetitive suits.

The Commission's member-specific test also would raise serious constitutional concerns. For decades, associations have been able to pursue litigation without the fear of disclosing their membership. *See NAACP* v. *Button*, 371 U.S. 415 (1963). And they have never had to disclose the inner workings of their organization in order to proceed in federal court. *See Roberts* v. *U.S. Jaycees*, 468 U.S. 609, 622-623 (1984) (recognizing an association's right to be free from "interfe[rence] with [its] internal organization or affairs"). But under the Commission's approach, associations would be put to a Hobson's choice: disclose the members that have authorized their suit in order to achieve some meaningful relief, or hold back the identities of their members and obtain a toothless remedy. The serious First Amendment implications of that tradeoff provide yet another reason to reject the Commission's approach.

The Commission justifies its novel rule on the ground that this Court cannot be sure that Plaintiffs' members "exercise any oversight or control over the organizations." Mot. 11. But the Supreme Court recently explained that a plaintiff can invoke associational standing so long as it is "a voluntary membership organization with identifiable members." *Students for Fair Admissions, Inc.* v. *Harvard Coll.*, 600 U.S. 181, 199-201 (2023). That requirement is easily satisfied here, as each Plaintiff is indisputably a "traditional

10

membership organization [with] members nationwide." *National Rifle Ass'n of America, Inc*, No. 3:23-CV-1471-L, 2024 WL 1349307, at *6. The Commission nonetheless suggests that this Court must review detailed membership lists before determining that associational standing is appropriate. *See* Mot. 11. The Commission offers no support for that position. And it is flatly at odds with the most recent guidance from the Supreme Court and the Fifth Circuit. *SFFA*, 600 U.S. at 201; *Students for Fair Admissions, Inc.* v. *University of Tex. at Austin*, 37 F.4th 1078, 1085 (5th Cir. 2022) (allowing SFFA to invoke associational standing as "a traditional membership organization").

The Commission also argues that, unless relief is confined in advance to identified members, other members could "sit on [their] hands while this case proceeds before deciding whether" to "file a separate lawsuit." Mot. 11-12. That speculative and premature concern has nothing to do with this situation. Plaintiffs and Ryan filed suit as soon as the Rule was adopted. And if an association's member engages in blatant gamesmanship, the answer to that is to apply settled preclusion principles when such issues become ripe. *See Acree* v. *Air Line Pilots Ass'n*, 390 F.2d 199, 202 (5th Cir. 1968); *see also Midwest Disability Initiative* v. *JANS Enters., Inc.*, 929 F.3d 603, 608 (8th Cir. 2019); *Save Bull Trout* v. *Williams*, 51 F.4th 1101, 1107-1108 (9th Cir. 2022) (holding that claim preclusion applied to association that was in privity with associations that filed earlier suits). The Commission's position, by contrast, would have the Court deciding remedial issues before even addressing the merits. The Commission does not point to any authority for that cart-before-the-horse approach.

## II. THE COURT SHOULD NOT TRANSFER THIS CASE UNDER THE FIRST-TO-FILE DOCTRINE.

A. Because venue is indisputably proper in this District, the Commission has the burden of demonstrating that transfer is warranted. *See In re Clarke*, 94 F.4th 502, 515-516 (5th Cir. 2024) ("[P]laintiff's role [is] master of the complaint."). To meet that burden, the Commission offers a single rationale: that Ryan, LLC is a member of Plaintiff Texas Association of Business. According to the Commission, that fact necessitates a transfer because "any relief this Court may award as to the Texas Association of Business's membership would also apply to Ryan" and "[t]here is no basis or mechanism for Ryan to choose to 'opt out' of this litigation." Mot. 12. The Commission's argument is both misplaced and wrong.

At the outset, the Commission's Motion seeks a transfer only if this Court lacks the power to narrow any remedy to exclude Ryan. *See* Mot. 12 (arguing that transfer is only required "in the alternative"). The Commission effectively concedes that if Ryan were not able to obtain a remedy in this case, then transfer would *not* be warranted. What makes the Commission's argument so out of place is that Ryan has foresworn any effort to enforce a remedy that is limited to the Plaintiffs in this case. *See* ECF No. 21, ¶ 6. The Commission's concern about gamesmanship thus has no purchase here at all. Ryan has promised that it will not seek to take advantage of a remedy in this case based on its membership in the Texas Association of Business; it will benefit from any remedy only in the same way as non-members. Simply put, Ryan is not taking two stabs at judicial relief.

Even if the concern were more than theoretical, it is both premature and easily answered. The concern would arise only if this Court were to find the Commission violated

12

the APA and were tasked with crafting a remedy. At that stage, the Commission could argue that the Court should invoke its "broad and equitable powers" to tailor the scope of relief. *Collum* v. *Edwards*, 578 F.2d 110, 112 (5th Cir. 1978). The Commission has provided no authority suggesting this Court would be powerless to consider its arguments at that time. Finally, the Commission says that "[t]here is no basis or mechanism" for holding Ryan to its commitment, Mot. 12, but judicial estoppel and this Court's equitable powers to craft remedies and enforce its orders say otherwise.

        B.      The Commission has correctly not tried to invoke the first-to-file doctrine independent of Ryan's membership in Texas Association of Business, but it bears noting that the doctrine does not apply here for reasons that are not affected by Ryan's separate lawsuit. The first-to-file doctrine is not an inexorable command. *See Mann Mfg., Inc.* v. *Hortex, Inc.*, 439 F.2d 403, 407-408 (5th Cir. 1971). Instead, "exceptions" to the first-to-file rule "are not rare and are made when justice or expediency requires." *SIPCO, LLC* v. *Emerson Elec. Co.*, 2016 WL 7743496, at *4 (E.D. Tex. July 1, 2016); *see Texas Instruments Inc.* v. *Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993) ("[T]he decision of whether to apply the first-to-file rule is discretionary, and involves determinations concerning wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.") (internal quotation marks omitted). Several features of this case cut decisively against the Commission's requested transfer.

        First, courts routinely deny transfers that would "likely delay resolution of th[e] case." *LifeNet, Inc.* v. *U.S. Dep't of Health & Human Servs.*, 617 F. Supp. 3d 547, 557 (E.D. Tex. 2022). This Court has already entered an expedited briefing schedule to ensure that

13

the merits of Plaintiffs' challenge are resolved before the Noncompete Rule's effective date. Ryan only yesterday moved for a preliminary injunction (a full week after Plaintiffs), the Commission has opposed Ryan's request for an expedited briefing schedule, and the district court there has not set a briefing schedule. ECF No. 12; Motion to Stay Effective Date and for Preliminary Injunction, *Ryan, LLC* v. *Federal Trade Comm'n*, No. 3:24-cv-986 (N.D. Tex. May 1, 2024), ECF No. 23. As a result, transferring this case is virtually certain to delay the timing of any judgment on the merits. *See Affinity Memory & Micro, Inc.* v. *K&Q Enters., Inc.*, 20 F. Supp. 2d 948, 954 (E.D. Va. 1998) (explaining that "courts have declined to defer to the first-filed action when little if anything has been done to advance that action for trial").[*]

Second, it hardly serves judicial efficiency to transfer a case under the first-to-file rule when the two complaints were filed less than a day apart. In that situation, where "the cases are in their infancy and neither case has clearly expended more effort or made more progress, the rule's motivation and rationale is diminished." *Scholl* v. *Mnuchin*, 483 F. Supp. 3d 822, 827 (N.D. Cal. 2020) (refusing to apply first-to-file rule when complaints were filed one day apart). That is particularly true when the first filer subsequently amended its complaint *after* the complaint was filed in this case. *See* Amended Complaint, *Ryan, LLC* v. *Federal Trade Comm'n*, No. 3:24-cv-986 (N.D. Tex. May 1, 2024), ECF No. 22; *see also Truinject Corp.* v. *Nestle S.A.*, 2020 WL 6781578, at *2 (E.D. Tex.

---

[*] The Commission suggests that this litigation is still in a preliminary stage because the Government received service at the U.S. Attorney's Office but has not yet received service in Washington, D.C. *See* Mot. 9 n.1, 15. It is hard to see how that issue has any practical effect on the timing of this case.

14

Nov. 18, 2020) ("Rigidly applying the first-to-file rule when compelling circumstances present themselves leads to the abandonment of the comity principles that underlie the rule itself.") (internal quotation marks omitted).

Third, courts routinely deny transfers when, even though an earlier-filed case is related, the plaintiffs in the two cases are different parties raising different issues. *See Snow* v. *Mike Bloomberg 2020, Inc.*, 2021 WL 4552988, at *3 (N.D. Tex. Feb. 24, 2021); *TravelPass Group, LLC* v. *Caesars Ent. Corp.*, 2019 WL 3806056, at *10 (E.D. Tex. May 9, 2019). That is the case here. Plaintiffs in this case represent a broad swath of the U.S. business community affected by the Noncompete Rule, and are positioned to raise objections that go far beyond the harms alleged by Ryan. Moreover, at the time Plaintiffs filed their suit, Ryan had not alleged that the Commission engaged in arbitrary-and-capricious decisionmaking under the APA. Ryan has since adopted Plaintiffs' broader set of claims, but that hardly supports transferring this case rather than that one.

Fourth and finally, the Commission's invocation of the first-to-file rule in this case would have serious ramifications for suits challenging unlawful agency action. The United States has repeatedly stressed the importance of allowing different courts to consider statutory and constitutional claims against agencies, and has extolled the benefits of allowing those issues to percolate through the courts of appeals. *See, e.g.*, U.S. Br. at 53, *City of Chicago* v. *Sessions*, No. 18-2885 (7th Cir. Oct. 9, 2018) ("[A]ppellate courts exercising de novo review of a pure legal question can gain insights by comparing differing analyses of a common question."). But in the Commission's contrary view, many challenges

to an agency rulemaking, regardless of where they are filed, would need to be consolidated and heard by only a single district court judge.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion to Transfer.

Dated:  May 2, 2024

Jordan L. Von Bokern (*pro hac vice*)
Tyler S. Badgley (*pro hac vice*)
U.S. CHAMBER LITIGATION
 CENTER
1615 H Street NW
Washington, D.C.  20062
Tel:  (202) 463-5337
jvonbokern@uschamber.com
tbadgley@uschamber.com


Liz Dougherty (*pro hac vice*)
BUSINESS ROUNDTABLE
1000 Maine Avenue SW
Washington, DC 20024
202-872-1260
ldougherty@brt.org

 /s/ *Michael E. Jones*
Michael E. Jones (Texas Bar No.: 10929400)
Shaun W. Hassett (Texas Bar No.: 24074372)
POTTER MINTON, PC
102 North College Avenue
Suite 900
Tyler, TX 75702
Tel: (903) 597-8311
mikejones@potterminton.com
shaunhassett@potterminton.com

Jeffrey B. Wall (*pro hac vice*)
Judson O. Littleton (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C.  20006-5215
Tel:  (202) 956-7000
wallj@sullcrom.com
littletonj@sullcrom.com

*Counsel for Plaintiffs Chamber of Commerce of the United States of America, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce*