UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00148

**Chamber of Commerce of the United States of America et al.,**
*Plaintiffs,*

v.

**Federal Trade Commission et al.,**
*Defendants.*

# ORDER

The court enters this order to disclose its receipt of an ex parte communication by a nonparty questioning whether the undersigned should recuse from this action due to owning stocks of companies in the technology, energy, retail, and pharmaceutical sectors. No private companies are listed as parties to this litigation. Nor did either side file a Federal Rule of Civil Procedure 7.1 disclosure statement naming any private companies. Doc. 2. And no party has requested recusal.

Recusal would still be proper when a judge or a qualifying family member has "a financial interest in the subject matter in controversy . . . or any other interest that could be affected substantially by the outcome of the proceeding." Code of Conduct for United States Judges, Canon 3(C)(1)(c); *accord* 28 U.S.C. § 455(b)(4) (requiring recusal when a judge knows that he or a qualifying family member "has a financial interest in the subject matter in controversy . . . or any other interest that could be substantially affected by the outcome of the proceeding"). And the Committee on Codes of Conduct of the Judicial Conference of the United States has advised that, where a trade association is a party, a judge owning a small percentage of stock in its members need only recuse if the value of the judge's interest could be substantially affected. Advisory Op. 49.

The Committee has advised that, in assessing whether a stock or a mutual fund might be substantially affected, the issue is not

the size of the interest in absolute terms or relative to one's net worth, but rather whether the interest could be substantially affected. Advisory Op. 106 ("[I]t is the value of the interest itself that must be substantially affected by the outcome of the proceeding; its effect on the judge's overall financial condition is irrelevant."). And case law provides further direction: "A remote, contingent, and speculative interest is not a financial interest within the meaning of the recusal statute, nor does it create a situation in which a judge's impartiality might reasonably be questioned." *In re Placid Oil Co.*, 802 F.2d 783, 787 (5th Cir. 1986) (citation omitted).

The parties are invited to file briefs within 14 days explaining their views on whether or not an ownership interest in a nonparty company or mutual fund in the technology, energy, retail, pharmaceutical, or any other sector would be "a financial interest in the subject matter in controversy . . . or any other interest that could be affected substantially by the outcome of the proceeding" within the meaning of § 455 or the Code of Conduct for United States Judges or would otherwise require recusal under § 455 or the Code.

Should plaintiffs dismiss this case without a court order under Federal Rule of Civil Procedure 41(a)(1)(A)(i), now that plaintiffs have joined the earlier-filed *Ryan* case, this invitation for briefing will expire upon the case's automatic termination.

*So ordered by the court on May 10, 2024.*

J. CAMPBELL BARKER
United States District Judge