**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA, *et al.*,

                Plaintiffs,

v.

FEDERAL TRADE COMMISSION and
LINA KHAN, in her official capacity,

                Defendants.

Case No. 6:24-cv-00148-JCB

**DEFENDANTS' RESPONSE TO COURT'S MAY 10, 2024 ORDER**

Defendants submit this response to the Court's May 10, 2024 Order. ECF No. 29. In that Order, the Court noted that it had received an ex parte communication from a nonparty questioning whether the presiding Judge should recuse from this case based on ownership of certain stocks. The Court invited the parties to file briefs "explaining their views on whether or not an ownership interest in a nonparty company or mutual fund in the technology, energy, retail, pharmaceutical, or any other sector" requires recusal under § 455 of the Code of Conduct for United States Judges. The Court also indicated that should Plaintiffs "dismiss this case without a court order under Federal Rule of Civil Procedure 41(a)(1)(A)(i), now that [they] have joined the earlier-filed *Ryan* case," the invitation to brief the recusal issue would expire.

Defendants respectfully take no position on whether recusal is appropriate at this time because there is no basis for this case to continue given Plaintiffs' intervention in *Ryan*, and therefore this case should be dismissed for that independent reason. Basic principles of claim-splitting preclude Plaintiffs from proceeding simultaneously in this case and in the Northern District of Texas on identical legal theories. *See Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985). Thus, dismissal is warranted for that straightforward and fundamental reason. Moreover, on May 15, 2024, counsel for Plaintiffs represented to counsel for Defendants that Plaintiffs "expect to voluntarily dismiss [this] case at some point after filing [a] response" to the Court's May 10 Order. Thus, at the very least, it appears that this case will be dismissed by Plaintiffs themselves.

## CONCLUSION

In light of Defendants' position that this case should be dismissed by the Court, as well as Plaintiffs' expected voluntary dismissal of this case, Defendants respectfully express no view regarding whether recusal is warranted at this time.

Dated:  May 24, 2024

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

LESLEY R. FARBY
*Assistant Branch Director*

*/s/ Arjun Mody*
RACHAEL WESTMORELAND
TAISA GOODNATURE
MADELINE MCMAHON
ARJUN MODY (DC # 90013383)
*Trial Attorneys*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 451-7723
Email: arjun.a.mody@usdoj.gov

*Counsel for Defendants*