UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00148

———

**Chamber of Commerce of the United States of America et al.,**
*Plaintiffs,*

v.

**Federal Trade Commission et al.,**
*Defendants.*

———

# ORDER

This court previously granted the FTC's motion to apply the first-to-file doctrine and stayed proceedings in this case. Doc. 27. Plaintiffs have now notified the court of their intervention in the first-filed *Ryan* case. Doc. 28. So this action is ripe for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* Doc. 31 at 12 (plaintiffs' notice of intent to dismiss).

The court also previously disclosed its receipt of an ex parte communication questioning the need for recusal and invited the parties to file briefing explaining their views on whether or not an ownership interest in a nonparty company or mutual fund in the technology, energy, retail, pharmaceutical, or any other sector of the economy would be "a financial interest in the subject matter in controversy . . . or any other interest that could be affected substantially by the outcome of the proceeding" within the meaning of 28 U.S.C. § 455(b)(4) or the Code of Conduct for United States Judges or would otherwise require recusal. Doc. 29.

In response to that invitation, no party has requested recusal. Docs. 30, 31. But because the court invited briefing and because recusal standards apply to any judicial action, even dismissal of a case, the court briefly explains its analysis. The relevant standards from the Code of Conduct for United States Judges are as follows:

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably

- 1 -

be questioned, including but not limited to instances in which: . . .

(c) the judge knows that the judge [or a qualifying family member] . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding[.]

Code of Conduct for United States Judges, Canon 3(C); *accord* 28 U.S.C. § 455(a), (b)(4) (same recusal standards). If the assigned judge is not disqualified, the Code imposes a duty for the judge to sit and decide the case. Canon 3(A)(2) ("A judge should hear and decide matters assigned, unless disqualified . . . .").

Each of those four recusal standards is addressed in turn. First, the parties here are not companies or mutual funds in which the undersigned or a qualifying family member owns a financial interest. Second, there is no disqualifying financial interest in the subject matter in controversy, as if the undersigned or a qualifying family member were a party to a noncompete agreement.

Third, binding precedent interprets the "knows . . . [of] any other interest that could be affected substantially" standard to require more than a "remote, contingent, and speculative" interest like owning stock "in a Texas bank that may be affected," arguably, by rulings affecting the banking industry. *In re Placid Oil Co.*, 802 F.2d 783, 787 (5th Cir. 1986) (applying § 455(b)(4)); *accord* Ltr. of Comm. on Codes of Conduct of the Jud. Conf. of the U.S. at 3, Docket No. 2773 (Apr. 16, 2024), *published at* Doc. 59-2, *In re Chamber of Commerce*, No. 24-10266 (5th Cir. Apr. 17, 2024) ("[M]ore than mere speculation about the potential effect of litigation on a judge's ownership interest in a non-party would normally be necessary to support a conclusion requiring recusal.").

Given the speculative, multifaceted ways in which economic actors may respond to the challenged rule, the court does not perceive how one "knows" that the impact of the rule on the price of a relevant stock or mutual fund could, depending on the outcome of the proceeding, be "substantial." *See In re N.M. Nat. Gas Antitrust*

*Litig.*, 620 F.2d 794, 796 (10th Cir. 1980) ("Coupled with the factor of contingency . . . , [any cost that might be passed on, indirectly, to a judge] translates into a minor effect."); *MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*, 205 F. Supp. 2d 158, 162 (S.D.N.Y. 2002) ("At this time, the effect of this litigation on the prices of these two stocks is, at best, 'remote, contingent, or speculative' and thus cannot serve as a basis for disqualification."). Indeed, no party has argued that this disqualification standard is met by one of the financial interests listed by the court. And under this standard, "it is the value of the interest itself that must be substantially affected by the outcome of the proceeding; its effect on the judge's overall financial condition is irrelevant." Comm. on Codes of Conduct of the Jud. Conf. of the U.S., Advisory Op. 106.

Fourth, binding precedent holds that a speculative financial effect—one that does not rise to the level of a known or readily ascertainable, substantial effect—does not meet the independent disqualification standard of creating "a situation in which a judge's impartiality might reasonably be questioned." *Placid Oil*, 802 F.2d at 787. Nor has any party raised such a question as to impartiality here.

For those reasons, no basis for disqualification appears here. So the undersigned has a duty under Canon 3(A)(2) to preside over this matter. The court thus dismisses this case without prejudice now that plaintiffs have joined the first-filed *Ryan* action.

*So ordered by the court on May 30, 2024.*

J. CAMPBELL BARKER
United States District Judge